| | | | |
|---|---|---|---|
| AUSA: | Susan Fairchild | Telephone: | (313) 226-9577 |
| Officer: | Charles Hillier | Telephone: | (313) 801-7847 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
    v.
Juan Bartolo DOMINGO-GREGORIO a/k/a Juan HERNANDEZ GREGORIO

Case: 2:25−mj−30471
Assigned To : Unassigned
Assign. Date : 7/23/2025
Description: CMP USA v Domingo−Gregorio (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 21, 2025__ in the county of __Port Huron__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Charles Hillier_
Charles Hillier
CBPO
U.S. Customs and Border Protection

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __July 23, 2025__

City and state: __Detroit, MI__

_Judge's signature_

Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Charles Hillier, being duly sworn, depose and state:

1. I am employed by the United States Department of Homeland Security, U.S. Customs and Border Protection (CBP), as a Customs and Border Protection Officer at the Blue Water Bridge in Port Huron, Michigan. I have been employed with CBP for 17 years. The facts set forth herein are based upon my knowledge and obtained through information contained in CBP systems.

2. This affidavit includes only information sufficient to establish probable cause and not necessarily all information known to me arising from this investigation.

3. Juan Bartolo DOMINGO-GREGORIO a/k/a Juan HERNANDEZ GREGORIO is a twenty-five-year-old male, native of Guatemala and citizen of Guatemala, who last entered the United States at or near an unknown place, on or about an unknown date, without being inspected, admitted, or paroled by an immigration officer.

4. On or about August 20, 2017, DOMINGO-GREGORIO was apprehended by U.S. Border Patrol at the Yuma Border Patrol Station for not entering at a designated port of entry and/or not have been inspected or admitted to the United States.

5. On August 21, 2017, DOMINGO-GREGORIO was processed by U.S. Border Patrol in Yuma, Arizona.  DOMINGO-GREGORIO was issued and served Form I-860 (Expedited Removal).

6. On or about July 26, 2018, DOMINGO-GREGORIO was encountered by deportation officers in Buffalo, NY.  After it was verified that he did not have status in the United States, he was removed from the United States via aircraft departing from Alexandria International Airport located in Alexandria, Louisiana, on or about August 16, 2018.

7. On or about July 21, 2025, DOMINGO-GREGORIO (using the name of Juan Bartolo HERNANDEZ GREGORIO) was encountered by Customs and Border Protection Officers when he attempted to cross the Blue Water Bridge in Port Huron, MI.

8. During primary inspection at the Blue Water Bridge Port of Entry on July 21, 2025, DOMINGO-GREGORIO said he did not have any documentation and was referred into secondary for further processing.

9. During secondary processing, DOMINGO-GREGORIO's fingerprints were enrolled in IDENT/IAFIS which confirmed a biometric match to IDENT Fingerprint Identification Number (FIN) XXX8527, Alien File number XXX4668, and FBI number XXXJ063. The IDENT FIN, FBI number, and Alien File Number were a match to that of a previously removed alien, Juan Bartolo DOMINGO-GREGORIO, a/k/a HERNANDEZ GREGORIO.

10. Found in the vehicle in which DOMINGO-GREGORIO was a passenger was a counterfeit United States Social Security Card and a Fraudulent Permanent Resident Card. The Permanent Resident Card was in the name of HERNANDEZ DOMINGO and had a false immigration file number on it. It contained a true picture of DOMINGO-GREGORIO. The Social Security Card was in the name of Bartolo HERNANDEZ DOMINGO.

11. I have reviewed on behalf of the Department of Homeland Security, the Person Centric Query Service (PCQS) database and there is no record of DOMINGO-GREGORIO, a/k/a HERNANDEZ GREGORIO applying for or receiving the express permission of the Secretary of the Department of Homeland Security or his successor to reapply for admission into the United States since his removal from the United States on or about August 16, 2018.

12. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

13. Based on the above information, there is probable cause to believe that on or about July 21, 2025, in the Eastern District of Michigan, Southern Division, Juan Bartolo DOMINGO-GREGORIO a/k/a Juan HERNANDEZ GREGORIO, an alien, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about August 16, 2018, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security

to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Charles Hillier
CBPO
U.S. Customs and Border Protection

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

July 23, 2025